### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

JERMAINE E. FAVORS                                        CIVIL ACTION

VERSUS                                                    NO.  13-491

N. BURL CAIN, WARDEN                                      SECTION "G" (5)


### ORDER AND REASONS

Before the Court are Petitioner Jermaine E. Favors's ("Petitioner") objections[1] to the January

24, 2014 Report and Recommendation of the United States Magistrate Judge assigned to the case.[2]

Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed

a petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254.[3] The Magistrate Judge recommends

that the matter be dismissed with prejudice.[4]  Petitioner objects to each of the Magistrate Judge's

findings.[5] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the

objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt

the Magistrate Judge's recommendation and dismiss this action with prejudice.

### I. Background

#### A. Factual Background

Petitioner was charged by indictment in Jefferson Parish on November 29, 2007, with second

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 14.

[3] Rec. Doc. 1.

[4] Rec. Doc. 14 at 54.

[5] Rec. Docs. 15.

1

degree murder.[6] On May 28, 2009, after a two-day trial, the jury found Petitioner guilty of second degree murder.[7] On August 31, 2009, the trial court sentenced Petitioner to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.[8]

On June 29, 2010, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[9] On February 4, 2011, the Louisiana Supreme Court denied Petitioner's writ of certiorari.[10] Petitioner's convictions became final on May 4, 2011, when he did not file a writ of certiorari with the United States Supreme Court.[11]

On November 3, 2011, Petitioner submitted an application for post-conviction relief to the state trial court.[12] On April 3, 2012, the state trial court denied the application on the merits.[13] Petitioner's related writ application was then denied by the Louisiana Fifth Circuit Court of Appeal on May 31, 2012,[14] and by the Louisiana Supreme Court on November 9, 2012.[15]

On or about November 29, 2012, Petitioner filed an application for federal *habeas corpus*

---

[6] State Rec. Vol. VI of IX, Indictment (Nov. 29, 2007).

[7] State Rec. Vol. VI of IX, Minute Entry (May 28, 2009).

[8] State Rec. Vol. VIII of IX, Transcript of Sentencing (Aug. 31, 2009).

[9] *State v. Favors*, 09-1034 (La. App. 5 Cir. 6/29/10); 43 So. 3d 253. State Rec. Vol. IV of IX.

[10] *State v. Favors*, 10-1761 (La. 2/4/11); 57 So. 3d 309. State Rec. Vol. IX of IX.

[11] Petitioner's Louisiana Supreme Court application was denied February 4, 2011, and under *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), a judgment becomes final by the conclusion of direct review, which includes the time for filing a certiorari petition in accordance with 28 U.S.C. § 2244(d)(1)(A).

[12] State Rec. Vol. IV of IX, Uniform Application for Post-Conviction Relief (Nov. 3, 2011).

[13] *State v. Favors*, 08-6079 (4/3/12). State Rec. Vol. IV of IX, Trial Court Order (Apr. 3, 2012).

[14] *State v. Favors*, 12-423 (La. App. 5 Cir. 5/31/12). State Rec., Vol. IV of IX.

[15] *State ex rel. Favors v. State*, 12-1607 (La. 11/9/12 ); 100 So. 3d 832. State Rec., Vol. IV of IX.

relief.[16] Petitioner argued his trial counsel was ineffective because he: (1) "failed to subject the prosecution's case to any meaningful adversarial testing in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article 1 §§ 2, 13 and 16 of the Louisiana Constitution of 1974;"[17] and (2) failed to present a valid alibi defense, introduce crucial evidence for the jury's consideration, properly prepare for trial, render meaningful investigation, confront his accuser and render crucial cross-examination.[18] Petitioner's ineffective assistance of counsel claims included the following sub-claims: (1) defense counsel failed to properly cross-examine Misty Fontenot, Jessica Miller, Deborah Hill, Dominique Hill and Pamela Wilson Adams;[19] and (2) defense counsel failed to object when Dominique Hill's attorney, Gerard Archer, sought to prevent Hill from asserting a Fifth Amendment privilege against self incrimination.[20] Petitioner also argued that the trial court erred by: (1) allowing into evidence recordings of private telephone calls made by Petitioner from the Jefferson Parish Correctional Center;[21] and (2) improperly restricting Petitioner's confrontation rights in his efforts to cross-examine a witness.[22]  In response, the State argued that Petitioner's claims were without merit.[23]

**B. Report and Recommendation Findings**

On January 24, 2014, the Magistrate Judge recommended that the petition be dismissed with

---

[16] Rec. Doc. 1.

[17] Rec. Doc. 1-1 at 8–16.

[18] *Id.* at 17–24.

[19] *Id.* at 10–13.

[20] *Id.* at 13–16, 22–23.

[21] *Id.* at 24–31.

[22] *Id.* at 31–36.

[23] Rec. Doc. 12.

prejudice.[24] First, the Magistrate Judge determined that the action was timely, and Petitioner had exhausted his state court remedies.[25] Next, she examined Petitioner's ineffective assistance of counsel claims.[26]

The Magistrate Judge addressed Petitioner's claims that counsel was ineffective in cross-examining witnesses, noting Petitioner's claims primarily related to his assertion "that counsel failed to properly cross-examine numerous witnesses to elicit testimony that in his estimation would have supported his account that Dominique Hill actually shot the victim."[27] The Magistrate Judge rejected Petitioner's argument that Misty Fontenot's testimony could have established that Dominique Hill was the shooter, if not for counsel's "failure to push the testimony forwarded [sic] for the jury to show that this witness saw the driver side door ajar and a foot hanging out as the van drove away."[28] The Magistrate Judge found that defense counsel explored "this issue with this witness to the fullest extent possible, particularly given her admission that she was more focused on the victim than the vehicle."[29]

Next, the Magistrate Judge addressed Petitioner's argument that defense counsel should have cross-examined Jessica Miller with regard to voice recognition because she testified that she heard the shooter say, "Drop your pants, and give me your cell phone."[30] The Magistrate Judge noted that

---

[24] Rec. Doc. 14 at 54.

[25] *Id.* at 6.

[26] *Id.* at 17–37.

[27] *Id.* at 24.

[28] *Id.* (citing Rec. Doc. 1-1 at 11).

[29] *Id.* at 24–25 (citing State Rec., Vol. VII of IX, Trial Transcript at 27–29).

[30] *Id.* at 25.

4

Miller testified she did not recognize the voice, and she found that this testimony neither helped nor hurt Petitioner.[31] She found Petitioner's contention that Jessica Miller would have identified Dominique Hill's voice to be pure speculation, and opined that defense counsel's decision not to cross-examine Jessica Miller on this issue falls within the realm of sound trial strategy.[32] The Magistrate Judge also rejected Petitioner's argument that defense counsel failed to properly cross-examine Deborah Hill, finding the decision not to cross-examine the witness more vigorously falls soundly within the realm of reasonable trial strategy.[33]

The Magistrate Judge rejected Petitioner's argument that defense counsel was ineffective for failing to object when Dominique Hill's attorney, Gerard Archer sought to prevent Hill from asserting a Fifth Amendment privilege against self incrimination.[34] Petitioner argued that by failing to object, defense counsel allowed Archer to testify concerning a state witness' right not to testify, and that Archer's statement prejudiced the jury.[35] The Magistrate Judge noted that after Hill asserted a Fifth Amendment privilege Archer asked to approach the bench, and thus the jury could not hear or be influenced by the statement that Hill did not have any Fifth Amendment right to assert because he pled guilty.[36] Further, Petitioner's attorney was present and advocated on his behalf during the discussions.[37] Accordingly, the Magistrate Judge found that Petitioner had not shown that defense

---

[31] *Id*. at 25–26.

[32] *Id*. at 26.

[33] *Id*. at 26–27.

[34] *Id*. at 27.

[35] *Id*. at 28–27.

[36] *Id*. at 28.

[37] *Id*.

counsel's failure to object was deficient or that he suffered any prejudice as a result.[38]

Next, the Magistrate Judge addressed Petitioner's argument that his defense counsel was ineffective for failing to challenge the substance of Dominique Hill's testimony on cross-examination by showing that he entered a plea agreement with the State in exchange for his testimony, and that he was motivated by his desire to save himself.[39] She found no reason for defense counsel to question Hill about the existence of a plea agreement because the record indicated that a plea agreement was never negotiated.[40] She noted that defense counsel extensively cross-examined Hill to challenge his credibility and to show that he was motivated by self-interest.[41] Accordingly, she found that Petitioner failed to make a showing of any deficient performance.[42]

The Magistrate Judge also rejected Petitioner's argument that defense counsel was ineffective in his cross-examination of Pamela Wilson Adams, because he failed to show that her testimony was motivated by threats of prosecution against her son, Carl Wilson.[43] The Magistrate Judge noted that Detective Keith Locascio testified that after a full investigation, the police determined that Carl Wilson was not in the vehicle at the time of the shooting.[44] Accordingly, the Magistrate Judge found that Petitioner could not establish that counsel's failure to explore the issue on cross-examination was the result of deficient representation rather than a strategic choice or that

---

[38] *Id.*

[39] *Id.* at 28–29.

[40] *Id.* at 29.

[41] *Id.*

[42] *Id.* at 29–30.

[43] *Id.* at 30.

[44] *Id.*

he was prejudiced in any manner by counsel not questioning the witness about threats of prosecution against her son.[45]

The Magistrate Judge addressed Petitioner's contention that defense counsel was ineffective in failing to present an alibi defense.[46] Petitioner argued that Carl Wilson was prepared to present an alibi defense on his behalf, and he suggested that defense counsel should have presented facts to the jury showing that threats of prosecution influenced Wilson to abandon this testimony.[47] The Magistrate Judge noted that defense counsel presented the testimony of Petitioner's initial defense counsel Hilliard Fazande, II, who testified that Wilson initially agreed to provide an alibi for Petitioner.[48] Fazande also testified that Wilson told him he refused to sign the alibi affidavit because he feared for his life and that the state would prosecute both him and his mother for perjury based on their prior statements to detectives.[49] The Magistrate Judge also noted that defense counsel questioned Wilson about the alibi issue.[50] Accordingly, she found that Petitioner had not established that defense counsel's performance was deficient.[51]

The Magistrate Judge addressed Petitioner's argument that defense counsel performed deficiently by allowing him to testify in his own defense without discussing facts which arose during trial prior to his testimony.[52] The Magistrate Judge noted that a criminal defendant has the right to

---

[45] *Id.*

[46] *Id.* at 31.

[47] *Id.*

[48] *Id.*

[49] *Id.* at 31–32.

[50] *Id.* at 32.

[51] *Id.*

[52] *Id.* at 33.

testify on his own behalf pursuant to the Fifth, Sixth and Fourteenth Amendments,[53] and only the defendant can waive that right.[54] She found that Petitioner made the decision to testify, and counsel allowing him to testify did not constitute deficient performance.[55]

Next, the Magistrate Judge addressed Petitioner's contention that counsel failed to render a meaningful investigation and properly prepare for trial.[56] Petitioner argued that counsel should have called two witnesses, Darren Shorty and his girlfriend, to determine what they knew about a note identifying the perpetrators.[57] The Magistrate Judge found that the detailed questioning of witnesses at trial reflected that counsel was well-prepared, and, even if counsel could have done more to prepare for trial, Petitioner failed to demonstrate by reasonable probability that the outcome of trial would have been different.[58] She noted that Petitioner failed to produce any evidence or affidavits from either Shorty or his girlfriend establishing that they were willing or available to testify at trial or that their testimony would have aided his defense.[59]

The Magistrate Judge addressed Petitioner's argument that the trial court erred in allowing recordings of telephone calls he made to Carl Wilson from Jefferson Parish Correctional Center into evidence.[60] She found Petitioner's arguments that the Jefferson Parish Sheriff's Office obtained the recordings in violation of Louisiana law and that the state court admitted the recordings in violation

---

[53] *Id.* (citing *Rock v. Arkansas*, 483 U.S. 44 (1987)).

[54] *Id.* (citing *United States v. Mullins*, 315 F.3d 449 (5th Cir. 2002)).

[55] *Id.* at 34.

[56] *Id.*

[57] *Id.*

[58] *Id.* at 36.

[59] *Id.* at 37.

[60] *Id.*

of a Louisiana statute were not cognizable on habeas review because they were matters of state law.[61] She noted that Petitioner made no allegation that the admission of the recordings deprived him of his due process rights.[62] Further, she found that the Court was barred from reviewing any Fourth Amendment violation because Petitioner did not raise the claim in state court.[63]

Finally, the Magistrate Judge addressed Petitioner's claim that the trial court infringed on his confrontation rights by restricting defense counsel's cross-examination of Dominique Hill.[64] The Magistrate Judge found that the claim was procedurally defaulted from review in a federal proceeding because the Louisiana Fifth Circuit Court of Appeal found that the claim was procedurally barred from review for lack of a contemporaneous objection.[65] The Magistrate Judge noted that the contemporaneous objection rule is an independent and adequate state procedural ground which bars federal habeas review.[66] She also found that Petitioner could not show cause for his procedural default or that a fundamental miscarriage of justice would result from applying the procedural default.[67]

## II. Objections

### A. Petitioner's Objections

Petitioner filed his objections to the Magistrate Judge's Report and Recommendation on

---

[61] *Id*. at 43.

[62] *Id*.

[63] *Id*. at 44–46 (citing *Stone v. Powell*, 428 U.S. 465 (1976)).

[64] *Id*. at 46.

[65] *Id*. at 47.

[66] *Id*. at 51 (citing *Wainright v. Sykes*, 433 U.S. 72, 87–88 (1977).

[67] *Id*. at 52–54.

February 11, 2014.[68] He objects to the Magistrate Judge's finding that counsel cross-examined Misty Fontenot to the fullest extent possible.[69] He argues that the Magistrate Judge "did not consider that Ms. Fontenot's testimony alone could have created a reasonable doubt in the minds of jurors which could have dismissed any thoughts of petitioner being the gunman in this case."[70] He contends that "if counsel would have honed in on what she observed immediately after the victim's murder, the jury could have easily inferred that petitioner's co-defendant, Dominique Hill, was the gunman."[71]

Petitioner objects to the Magistrate Judge's finding that defense counsel's failure to cross-examine Deborah Hill more vigorously fell soundly within the realm of reasonable trial strategy.[72] He argues that the Magistrate Judge failed to consider that Deborah Hill's only interest was protecting her son.[73] He asserts that effective counsel would have "sought to draw out this information."[74] Petitioner also objects to the Magistrate Judge's finding that counsel's failure to cross-examine Pamela Wilson Adams regarding her motivation for testifying did not constitute deficient performance.[75] He argues that the Magistrate Judge "did not consider the unlikelihood of such a strategy, and the injustice it would serve to attribute this type of deficient representation to a strategic choice."[76]

---

[68] Rec. Doc. 15.

[69] *Id.* at 1.

[70] *Id*. at 1–2.

[71] *Id*. at 2.

[72] *Id*.

[73] *Id*.

[74] *Id*.

[75] *Id*.

[76] *Id*.

Petitioner objects to the Magistrate Judge's finding that there was no reason to question Dominique Hill about the existence of a plea agreement, arguing that Hill was originally charged with murder and pled to a lesser charge.[77] He also objects to the Magistrate Judge's finding that defense counsel's did not perform deficiently where he " failed to present alibi related evidence."[78] He argues that "an attorney functioning at a constitutional level would have seized the opportunity to expose that the testimony, of a witness for the state against his client, was induced by fear and threats of prosecution against him if he did not testify to the liking of the prosecution."[79] He also objects to the Magistrate Judge's finding that defense counsel's performance was not deficient where he failed to consult with Petitioner concerning developments in the case before allowing Petitioner to testify.[80] He objects to the Magistrate Judge's finding that defense counsel's performance was not deficient where he failed to conduct investigations in preparation for trial.[81] Finally, he objects to the Magistrate Judge's finding that his claim related to the trial court's restriction of cross-examination of Dominique Hill is procedurally barred.[82]

**B. State's Response**

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing on February 11, 2014.

---

[77] *Id.* at 3.

[78] *Id.*

[79] *Id.*

[80] *Id.*

[81] *Id.*

[82] *Id.*

### III. Standard of Review

#### A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[83]  The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to." A District Court's review is limited to plain error of parts of the report which are not properly objected to.[84]

#### B. Standard of Review Under the AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant Writs of *Habeas Corpus* in cases where a state court has adjudicated the petitioner's claim on the merits.[85]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court."[86] The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[87] A federal *habeas* court may issue the writ under the "contrary to" clause if the state court applies a rule in a way that is inconsistent with governing law and

---

[83] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[84] *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[85] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[86] 28 U.S.C. §2254(d)(1).

[87] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-404, (2000)).

Supreme Court precedent on identical facts; a federal *habeas* court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[88]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[89]

## IV. Law and Analysis

### A. Ineffective Assistance of Trial Counsel

In his petition, Petitioner argued his trial counsel was ineffective because he failed to subject the prosecution's case to any meaningful adversarial testing, present a valid alibi defense, introduce crucial evidence for the jury's consideration, properly prepare for trial, render meaningful investigation, confront his accuser and render crucial cross-examination. Petitioner's ineffective assistance of counsel claims included the following sub-claims: (1) defense counsel failed to properly cross-examine Misty Fontenot, Jessica Miller, Deborah Hill, Dominique Hill and Pamela Wilson Adams; and (2) defense counsel failed to object when Dominique Hill's attorney, Gerard Archer, sought to prevent Hill from asserting a Fifth Amendment privilege against self incrimination. The Magistrate Judge found each of Petitioner's claims without merit. In his objections to the Report and Recommendation, Petitioner reasserts his claims related to the cross-examination of Misty Fontenot, Deborah Hill, Pamela Wilson Adams and Dominique Hill. He also

---

[88] *Id.*

[89] 28 U.S.C. §2254(d)(2); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

13

reasserts his argument that counsel failed to present alibi related evidence, consult with Petitioner concerning developments in the case before allowing Petitioner to testify and conduct investigations in preparation for trial.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[90] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[91]

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[92] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[93] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[94]

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[95] A reasonable probability is "a probability sufficient to undermine confidence in

---

[90] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[91] *Id.* at 697.

[92] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Matheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[93] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[94] *See Strickland*, 466 U.S. at 689.

[95] *Id*. at 694.

the outcome."[96] As courts determine whether this prong is satisfied, they must consider "the relative role that the alleged trial errors played in the total context of [the] trial."[97]

As the record shows, the state trial court and the Louisiana Fifth Circuit Court of Appeal identified the governing legal standard found in *Strickland* and applied it to Petitioner's ineffective assistance of counsel claims. Because Petitioner repeats the same ineffective-assistance claims on federal *habeas* corpus review, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[98] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[99] Thus, this standard is considered "doubly deferential" on *habeas corpus* review.[100] For the reasons discussed below, Petitioner has not shown that the state court's decision was unreasonable under this doubly deferential standard.

### i. Cross-Examination of Misty Fontenot, Deborah Hill, Pamela Wilson Adams and Dominique Hill

"The decision whether to cross-examine a witness, and if so, how vigorously to challenge the witness' testimony, requires a quintessential exercise of professional judgment."[101] The Supreme

---

[96] *Id.*

[97] *Crockett*, 796 F.2d at 793.

[98] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)) (quotation marks omitted).

[99] *Id.*

[100] *Id.*

[101] *Ford v. Cockrell*, 315 F.Supp.2d 831, 859 (W.D. Tex. 2004), *aff'd*, 135 F. App'x 769 (5th Cir. 2005).

Court has cautioned courts not to second-guess counsel's decisions on such matters through the distorting lens of hindsight; rather, courts must employ a strong presumption that counsel's conduct falls within a wide range of reasonable assistance and, under the circumstances, might be considered sound trial strategy.[102]

Petitioner objects to the Magistrate Judge's finding that counsel cross examined Misty Fontenot, a witness to the shooting, to the fullest extent possible. He contends that defense counsel should have "honed in" on Fontenot's observations immediately following the murder, which he argues would have allowed the jury to easily infer that Dominique Hill was the gunman. Review of the record shows that defense counsel questioned Fontenot regarding her observations following the shooting.[103] Fontenot testified that she observed a white sport utility vehicle driving away from the scene, with the door ajar and a foot hanging out of the open door.[104] She testified that she observed someone inside the vehicle wearing a white shirt with "twists" in his hair.[105] She stated that she was more focused on the victim than the vehicle.[106] This testimony was presented to the jury, who as the trier of fact, weighed and considered the testimony. Accordingly, the Court finds that defense counsel effectively cross-examined Fontenot, and any failure to engage in more vigorous cross-examination falls within a strong presumption of reasonable trial strategy. Further, Petitioner has not shown that he suffered any prejudice as a result of counsel's failure to more vigorously cross-

---

[102] *Strickland*, 466 U.S. at 689.

[103] State Rec., Vol. VII of IX, Trial Transcript at 27–29.

[104] *Id*. at 23, 28.

[105] *Id*. at 23, 27.

[106] *Id*. at 24, 28.

examine Fontenot.

Petitioner objects to the Magistrate Judge's finding that defense counsel's failure to cross-examine Deborah Hill more vigorously fell soundly within the realm of reasonable trial strategy. He argues that the Magistrate Judge failed to consider that Deborah Hill's only interest was protecting her son, Dominique Hill. Review of the record shows that defense counsel did question Deborah Hill regarding the motivation for her testimony.[107] This testimony was presented to the jury, who as the trier of fact, weighed and considered the testimony. Accordingly, the Court finds that defense counsel effectively cross-examined Deborah Hill, and any failure to engage in more vigorous cross-examination falls within a strong presumption of reasonable trial strategy. Further, the Court finds that Petitioner has not shown that he suffered any prejudice as a result of counsel's failure to more vigorously cross-examine Deborah Hill.

Petitioner objects to the Magistrate Judge's finding that counsel's failure to cross-examine Pamela Wilson Adams regarding her motivation for testifying did not constitute deficient performance. Petitioner argues that defense counsel should have questioned Adams regarding whether her testimony was motivated by threats of prosecution against her son, Carl Wilson. However, the record shows that Detective Keith Locascio testified that the police determined Carl Wilson was not in the vehicle at the time of the shooting, and the State did not bring any charges against Wilson.[108] Locascio's testimony indicates that Adams was not motivated by threats of prosecution against her son. Accordingly, the Court finds that defense counsel's failure to cross-examine Adams regarding her motivation for testifying falls within a strong presumption of

---

[107] State Rec., Vol. VIII of IX, Trial Transcript at 12–14.

[108] State Rec., Vol. VII of IX, Trial Transcript at 136.

reasonable trial strategy. Further, Petitioner has not demonstrated that he was prejudiced by counsel's failure to cross-examine Adams on this issue.

Finally, Petitioner objects to the Magistrate Judge's finding that defense counsel was not ineffective in his cross-examination of Dominique Hill. Defense counsel extensively cross-examined Hill to challenge his credibility and to show that he was motivated by self-interest.[109] Accordingly, the Court finds that defense counsel effectively cross-examined Hill, and any failure to engage in more vigorous cross-examination falls within a strong presumption of reasonable trial strategy. Further, the Court finds that Petitioner has not shown that he suffered any prejudice as a result of counsel's failure to more vigorously cross-examine Hill.

Upon *de novo* review of each of Petitioner's arguments regarding defense counsel's cross-examination of Misty Fontenot, Deborah Hill, Pamela Wilson Adams and Dominique Hill and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's claims without merit.

### ii. Failure to Present Alibi Related Evidence

Petitioner objects to the Magistrate Judge's finding that his counsel did not perform deficiently in failing to present alibi evidence. In his petition, Petitioner argued that Carl Wilson was prepared to present an alibi defense on his behalf, and he suggested that defense counsel should have presented facts to the jury that Wilson was influenced by the threat of prosecution to abandon this testimony. In his objections to the Report and Recommendation, Petitioner argues that "an attorney functioning at a constitutional level would have seized the opportunity to expose that the testimony,

---

[109] Defense counsel questioned Hill regarding the three different statements he gave to the police and his initial false story. State Rec., Vol. VIII of IX, Trial Transcript at 53–55. Defense counsel also attempted to discredit Hill's testimony that Petitioner shot the victim. *Id*. at 46–50.

of a witness for the state against his client, was induced by fear and threats of prosecution against him if he did not testify to the liking of the prosecution."

As the Magistrate Judge noted, defense counsel presented the testimony of Petitioner's initial defense counsel Hilliard Fazande, II, who testified that Wilson initially agreed to provide an alibi for Petitioner.[110] Fazande also testified that Wilson told him he refused to sign an affidavit providing Petitioner with an alibi because he feared for his life and that the state would prosecute both him and his mother for perjury based on their prior statements to detectives.[111] Defense counsel also questioned Wilson about the alibi issue. Therefore, the Court finds that Petitioner had not established that defense counsel's performance was deficient. Accordingly, upon *de novo* review and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's claim without merit.

### iii. Failure to Consult with Petitioner Before Allowing Him to Testify

Petitioner objects to the Magistrate Judge's finding that defense counsel's performance was not deficient where he failed to consult with Petitioner concerning developments in the case before allowing Petitioner to testify. A criminal defendant has the right to testify on his own behalf pursuant to the Fifth, Sixth and Fourteenth Amendments,[112] and only the defendant can waive that right.[113] Petitioner made the decision to testify, and counsel allowing him to testify did not constitute deficient performance. Further, Petitioner has presented no argument or evidence showing that he

---

[110]  *Id*. at 142–43.

[111]  *Id*. at 145.

[112]  *Rock v. Arkansas*, 483 U.S. 44 (1987).

[113]  *United States v. Mullins*, 315 F.3d 449, 452 (5th Cir. 2002).

was prejudiced by counsel's failure to consult with him before allowing him to testify. Accordingly, upon *de novo* review and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's claim without merit.

### iv. Failure to Conduct Investigations in Preparation for Trial

Petitioner objects to the Magistrate Judge's finding that Petitioner did not establish that his counsel failed to render a meaningful investigation and properly prepare for trial. In his petition, Petitioner argued that counsel should have called two witnesses, Darren Shorty and his girlfriend, to determine what they knew about a note identifying the perpetrators. In his objections to the Report and Recommendation, Petitioner raises no new arguments regarding counsel's failure to investigate.

Petitioner has not shown that his trial counsel's performance was deficient. Counsel's detailed questioning of witnesses at trial shows that he was well-prepared for trial. Further, even if counsel could have done more to prepare for trial, Petitioner has not shown that he was prejudiced by his defense counsel's performance. The Fifth Circuit "has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative."[114] District courts have found that where the only evidence of a missing witness's testimony is from the defendant and no affidavit or other evidence as to the testimony the witness would have offered is provided, claims of ineffective counsel fail for lack of

---

[114] *Coleman v. Thaler*, 716 F.3d 895, 906 (5th Cir. 2013).

prejudice.[115] Petitioner has presented no evidence showing that Mr. Shorty or his girlfriend would have testified in a manner beneficial to his defense. Petitioner has not demonstrated that the state court's decision denying his claim was contrary to, or involved an unreasonable application of clearly established federal law, as required by the Supreme Court. Accordingly, upon *de novo* review and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's claim without merit.

### B. The Trial Court's Restriction of Petitioner's Cross-Examination of Dominique Hill

Finally, Petitioner objects to the Magistrate Judge's finding that he is procedurally barred from raising the claim related to the trial court's restriction of cross-examination of Dominique Hill. The United States Fifth Circuit Court of Appeals has held that a *habeas corpus* claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[116] Where a state court rejects a petitioner's claim based on an independent and adequate state procedural rule, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[117] "To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him."[118] To

---

[115] *Combs v. United States*, No. 3:08-CV-0032 and 3:03-CR-0188, 2009 WL 2151844, at *10 (N.D. Tex. July 10, 2009); *Harris v. Director*, No. 6:06-CV-490, 2009 WL 1421171, at *7 (E.D. Tex. May 20, 2009), (citing *Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Circuit 2001)).

[116] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

[117] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[118] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

establish a fundamental miscarriage of justice, a petitioner must provide the court with evidence that would support a "colorable showing of actual innocence."[119]

In this case, the state court found that Petitioner's claim was procedurally barred under Louisiana Code of Criminal Procedure Article 841(A)[120] because Petitioner failed to make a contemporaneous objection.[121] The contemporaneous objection rule is well established as an independent and adequate state court ground sufficient to procedurally bar claims from *habeas corpus* review.[122] Therefore, Petitioner's claim is only appropriate for federal *habeas corpus* review if he demonstrates cause and prejudice or shows that, absent federal review, there will be a fundamental miscarriage of justice. Petitioner makes no argument as to how an external factor caused his procedural default. Further, Petitioner makes no argument and nothing in the record indicates that he is actually innocent of the charges against him. Accordingly, on *de novo* review, the Court finds that this claim is procedurally barred from review.

### C. Portions of the Report and Recommendation Not Objected To

In his petition, Petitioner argued that defense counsel should have cross-examined Jessica Miller with regard to voice recognition because she testified that she heard the shooter say, "Drop your pants, and give me your cell phone." The Magistrate Judge found Petitioner's contention that

---

[119] *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

[120] LA. CODE CRIM. P. art. 841(A) ("An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.")

[121] *State v. Favors*, 09-1034 (La. App. 5 Cir. 6/29/10); 43 So. 3d 253. *State v. Favors*, 10-1761 (La. 2/4/11); 57 So. 3d 309 (Petitioner's related writ application denied without assigning reasons). "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground." *Finley*, 243 F.3d at 218.

[122] *See Wainright v. Sykes*, 433 U.S. 72, 87–88 (1977).

Jessica Miller would have identified Dominique Hill to be pure speculation, and opined that defense counsel's decision not to cross-examine Jessica Miller on this issue falls within the realm of sound trial strategy. The Magistrate Judge also rejected Petitioner's argument that defense counsel was ineffective for failing to object when Dominique Hill's attorney, Gerard Archer sought to prevent Hill from asserting a Fifth Amendment privilege against self incrimination. Petitioner does not object to these findings. Reviewing for plain error and finding none, the Court finds these ineffective assistance of counsel claims without merit.

The Magistrate Judge also rejected Petitioner's argument that the trial court erred in allowing evidence of recordings of telephone calls he made to Carl Wilson from Jefferson Parish Correctional Center. She found Petitioner's arguments that the Jefferson Parish Sheriff's Office obtained the recordings in violation of Louisiana law and that the state court admitted the recordings in violation of a Louisiana statute, were not cognizable on habeas review because they are matters of state law. She found that Petitioner made no allegation that the admission of the recordings deprived him of his due process rights. Further, she found that the Court was barred from reviewing any Fourth Amendment violation because Petitioner had a "full and fair opportunity" to raise those claims in state court but failed to do so. Petitioner does not object to these findings. Reviewing for plain error and finding none, the Court finds this claim without merit.

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation, and Petitioner Jermaine E. Favors's petition for issuance of a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 22nd day of January, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**